FILED

2015 Feb-26  PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| THE STANDARD FIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **Case No.: 2:14-CV-2102-VEH** ) |
| JEFFREY A. KNOWLES, GREEN TREE SERVICING, LLC, CITY OF VESTAVIA HILLS, ALABAMA, and UNITED STATES OF AMERICA, | ) ) ) ) ) ) |
| Defendants. | ) ) |

---

## MEMORANDUM OPINION AND ORDER

This statutory interpleader action was originally filed on October 30, 2014, by the Standard Fire Insurance Company ("Standard Fire"). (Doc. 1). Concurrent with filing the complaint, Standard Fire, as a disinterested stakeholder, deposited $87,500 into the court's registry. (Doc. 7). On January 13, 2015, Standard Fire was dismissed from this action. (Doc. 36). The only parties remaining in this case are the defendants, all of whom claim some stake in the funds.[1]

---

[1] The original named defendants (sometimes referred to by the court and the parties as "claimants") were Jeffrey A. Knowles, Green Tree Servicing, LLC, the City of Vestavia Hills, Alabama, and United States of America. On December 29, 2015, William M. Acker, III and Robert J. Hayes were allowed to intervene as defendants and/or claimants. (Doc. 31).

The case comes before the court on defendant Knowles, Acker, and Hayes's motion to dismiss, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Counterclaim and Cross-Complaint filed by the City of Vestavia Hills ("the City"). (Doc. 34).  For the reasons stated herein, the motion will be **GRANTED**.

## I.   STANDARD

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*").

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556) ("*Iqbal*"). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557 (citation omitted).

2

Once a claim has been stated adequately, however, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). Further, when ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

## II.    FACTS IN THE CITY'S STATEMENT OF CLAIM[2]

Standard Fire issued a homeowners policy to Knowles, bearing policy number 948557264 633 1, for the policy period October 27, 2010, to October 27, 2011. The "resident premises" of the policy is identified as 3363 Mountainside Road, Birmingham, AL 35243. The policy contains property coverage for the dwelling and other structures on the resident premises, subject to the terms and conditions of the policy.

On April 27, 2011, the dwelling and other structures on the resident premises were damaged by a tornado. Knowles made a claim with Standard Fire for damages resulting from the April 27, 2011, tornado. Standard Fire investigated the loss and ultimately determined that the actual cash value ("ACV") for the repairs to the

---

[2] The City's claim incorporates by reference Standard Fire's complaint. Accordingly, the facts included herein come both from the City's claim and the original complaint.

3

dwelling on the residence premises totaled $79,282.57, and the actual cash value for repairs to the other structures total $2,084.70. After deduction of amounts previously paid to Knowles for debris and tree removal ($17,439.54) and the policy deductible ($500.00), Standard Fire issued payments to Knowles and GMAC Mortgage LLC ("GMAC") for the remaining ACV for the dwelling and other repairs totaling $63,427.73. Knowles did not attempt to cash or otherwise negotiate the ACV payments issued by Standard Fire.

On or about April 25, 2013, Knowles filed an action against Standard Fire, alleging breach-of-contract and bad-faith claims arising from Standard Fire's investigation and payment of the above referenced insurance claim. On September 30, 2014, Standard Fire and Knowles through mediation resolved all claims arising from the insurance policy. Pursuant to their agreement at mediation, Standard Fire agreed to pay, and Knowles agreed to accept, $87,500.00 for the ACV repairs to the dwelling and other structures of the resident premises. Although the amount agreed upon by the parties exceeded the actual cash value for repairs to the dwelling and other structures of the resident premises identified as a result of the Standard Fire investigation, Standard Fire agreed to pay the additional amount as part of the negotiated settlement with Knowles.

On May 20, 2013, the City of Vestavia Hills filed a lien on the property for

4

$30,916.54, representing what it says are the costs associated with the demolition of the dwelling. In its claim, the City states that its lien "was perfected in accordance with Sections 11-40-30 through 11-40-36 of the *Code of Alabama* (1975), including but not limited to, Section 11-40-33."  Doc. 24 at 7). It seeks a declaratory judgment that it is entitled to the proceeds up to the amount of its lien. The sole basis for the City's claim to the interpleaded funds is that lien.

## III.   ANALYSIS

It is undisputed that the City declared the structures that were once on the subject property to be a nuisance and had them demolished. The City admits in its brief that "[f]ollowing the demolition of the structure on the . . . [p]roperty, the City assessed a lien to recover the costs of the [demolition]." (Doc. 37 at 2).  The movants do not argue that the lien is invalid. Instead, they argue that the lien attached only to the property as it existed at the time of attachment–that is, the land only, since there were no structures after the demolition.

The City begins its argument by referring to Ala. Code § 11-40-31, which, it claims, "authorizes the costs of a demolition to be 'assessed against the property.'" (Doc. 37 at 4). The City then notes that

> [i]n Section 11-40-31 . . . there is no limitation placed upon the term "property." By simply providing that an assessment for the costs of demolition may be placed against "the property," there is no

qualification that the "property" at issue be limited to real property. Rather, the assessment is against property of all types.

(Doc. 37 at 4). The City then argues that, because there is not a definition section in the statute, the court must look to the general definitions section of the Alabama Code as a whole, which defines "property" to include both real and personal property. (Doc. 37 at 4). The City then goes on to argue that "the demolition statutory scheme" contains "indications that the term 'property' includes the structure as well as the land." (Doc. 37 at 5-7).

The City is wrong. The section the City cites merely discusses <u>the type and form of notice the City must give</u> under these provisions. That section does not grant authority for the assessment of costs themselves. It only states that the City must give the appropriate person

> notice to remedy the unsafe or dangerous condition of the building or structure, or to demolish the same, within a reasonable time set out in the notice, which time shall not be less than 30 days or suffer the building or structure to be demolished by the municipality and the cost thereof assessed against the property.

Ala. Code § 11-40-31. The assessment authority actually comes from Ala. Code 11-40-33. As pertains to "costs of demolition," the statute provides:

> <u>The fixing of the costs</u> by the governing body <u>shall constitute a special assessment against the lot or lots, parcel or parcels of land</u> upon which the building or structure was located, and thus made and confirmed shall constitute a lien on the property for the amount of the assessment.

6

Ala. Code § 11-40-33 (emphasis added). This statute makes clear that the only thing subject to the lien is the land itself. The City does not even discuss this section of the Code in its brief.

Because all of the City's arguments stem from the wrong statute, because the correct statute clearly applies only to land, and because, in any event, the "structure" to which the City refers <u>was not on the land at the time the lien was perfected</u>, the court is unpersuaded by the City's argument.

The City's remaining arguments all depend on it having had a valid lien over the structures on the property, and therefore on the insurance proceeds for such structure. Because the City has no such lien, these arguments are also without merit.[3]

## III.   CONCLUSION

Based on the foregoing, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the motion to dismiss is **GRANTED**. All claims of the City of Vestavia Hills to the funds interpleaded in this case are **DISMISSED with prejudice**.

**DONE** and **ORDERED** this 26th day of February, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[3] This court makes no judgment as to the validity or priority of the lien other than as set out herein.